UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19cr3387-JLS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| JOSEPH ANTHONY MARTINO,<br>aka Joe Anthony Martino,<br>aka Joey Anthony Martino, | |
| Defendant. | |

WHEREAS, in the Superseding Information the United States sought forfeiture of all right, title and interest in all firearms and ammunition of Defendant JOSEPH ANTHONY MARTINO ("Defendant"), pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), as firearms and ammunition involved in the violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), as charged in Count 2 of the Superseding Information; and

WHEREAS, on or about March 5, 2021, Defendant pled guilty before U.S. Magistrate Judge Mitchell D. Dembin to Counts 1 and 2 of the Superseding Information, which plea included consent to the forfeiture of all property seized in connection with the case and consent to the forfeiture allegation of the Superseding Information, including forfeiture of the following:

//

    a.    a Heckler & Koch, model HK-91, .308 caliber rifle bearing serial number SN A017285;

    b.    a "U.S. Navy Security Forces" ballistic body armor;

    c.    a total of approximately 3,514 rounds of ammunition;

    d.    a total of approximately 19 different magazines;

    e.    various rifle upper rails;

    f.    two lower AR-15 receivers; and,

    g.    various smoke grenades; and

WHEREAS, on May 18, 2021 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the Court finds that the United States has established the requisite nexus between the forfeited properties and the offenses of conviction; and

WHEREAS, the following assets are currently in the custody of the San Diego Sheriff's Office:

    d.    a total of approximately 19 different magazines;

    e.    various rifle upper rails;

    f.    two lower AR-15 receivers; and,

    g.    various smoke grenades; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the remaining properties (a) through (c), pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461, and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

    a.    a Heckler & Koch, model HK-91, .308 caliber rifle bearing serial number SN A017285;

    b.    a "U.S. Navy Security Forces" ballistic body armor;

    c.    a total of approximately 3,514 rounds of ammunition; and

//

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant to Counts 1 and 2 of the Superseding Information, all right, title and interest of Defendant JOSEPH ANTHONY MARTINO in the following properties, which are currently in the custody of the San Diego Sheriff's Office, are hereby forfeited to the United States. The Court orders that the San Diego Sheriff's Office shall dispose of these forfeited assets according to law, when no longer needed for evidence:

    d.    a total of approximately 19 different magazines;

    e.    various rifle upper rails;

    f.    two lower AR-15 receivers; and,

    g.    various smoke grenades.

No ancillary proceedings or further forfeiture action is required as to these assets.

2. Also based upon the guilty plea of the Defendant to Counts 1 and 2, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant JOSEPH ANTHONY MARTINO in the following properties are hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a.    a Heckler & Koch, model HK-91, .308 caliber rifle bearing serial number SN A017285;

    b.    a "U.S. Navy Security Forces" ballistic body armor;

    c.    a total of approximately 3,514 rounds of ammunition.

3. The aforementioned forfeited assets are to be held by the Bureau of Alcohol, Tobacco, Firearms and Explosives in its secure custody and control.

4. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

5. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that

//

are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the above-referenced assets, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

Dated:  September 23, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge